45324. S. S. KRESGE COMPANY d/b/a K-MART
v. BRYANT.

EBERHARDT, Judge. After hearing, a deputy director of the Workmen's Compensation Board made his findings of fact and entered an award of compensation. On application to the full board for review the findings of fact were amended in one respect and, as thus amended, were adopted as those of the full board. However, no new award was made or entered by the full board nor was there any adoption in the full board's order of the award which had been made by the deputy director. On appeal to the superior court there was an affirmance, and that judgment is appealed from. *Held:*

"Where a claim for compensation is heard and determined by a single director or a deputy director and a timely application is made to the State Board of Workmen's Compensation within the time required by law, it is the function and duty of the board to hold a de novo hearing in the manner provided in *Code* § 114-708, which is that the board shall consider the case on the evidence before it, taken as provided in said Code section, and to make independent findings of fact of its own and render an award in accordance with its own findings of fact and law. *Pacific Employers Ins. Co. v. West,* 213 Ga. 296 (99 SE2d 89)." *Sweatman v. Hartford Acc. &c. Co.,* 96 Ga. App. 243 (99 SE2d 548).

The appeal from the deputy director to the full board "is more or less analogous to an appeal from the decision of a justice of the peace to a jury in his court, which our courts have said is a de novo trial." *Peninsular Life Ins. Co. v. Brand,* 57 Ga. App. 526 (196 SE 264). When the appeal is entered, the award of the deputy director is vacated, and a new one must be entered by the full board. This may be done, of course, by the adoption of the deputy director's award, or by making an entirely different award, but whatever is done must appear in the full board's order, otherwise the matter is left without any award in the premises.

*Judgment reversed with direction that the matter be remanded to the board for further appropriate proceedings. Jordan, P. J., and Pannell, J., concur.*

104

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellant.
*Burdine & Freeman, Essley B. Burdine,* for appellee.