## 64379. DEPARTMENT OF TRANSPORTATION v. FRANCO'S PIZZA & DELICATESSEN, INC.

Shulman, Presiding Judge.

Pursuant to Code Ann. § 95A-605, appellant Department of Transportation (DOT) filed a declaration of taking, condemning property in which appellee had a leasehold interest. Appellee filed a notice of appeal expressing dissatisfaction with the sum designated in the declaration of taking as just and adequate compensation (Code Ann. § 95A-610), and petitioned the court for an interlocutory hearing to be held by a special master. Code Ann. § 95A-611. Unhappy with the special master's award, DOT also filed a notice of appeal in the superior court. The department further sought partial summary judgment on appellee's contention that it was entitled to an award of litigation expenses and attorney fees due to appellant's alleged bad faith and fraud in acquiring the disputed property. The superior court denied appellant's motion, ruling that a factual question existed as to whether or not DOT had violated state and federal laws and regulations in such a manner as to constitute bad faith. The trial court further held that the issue of litigation expenses

and attorney fees for the alleged bad faith was a matter which a jury could consider as a compulsory counterclaim. We granted DOT's application for interlocutory appeal to review the trial court's order.

1. At the outset, we note that this case is distinguished from *White v. Ga. Power Co.,* 247 Ga. 256 (274 SE2d 565), and its progeny in that appellee is *not* seeking attorney fees as part of just and adequate compensation for the taking. Instead, appellee bases its claim for attorney fees and litigation expenses on the fraud and bad faith that DOT allegedly exhibited during its acquisition of the property in question. Code Ann. § 95A-607 provides the procedural framework and the remedy for a condemnee who wishes to question the good faith of a condemnor. Appellee, however, did not avail itself of the § 95A-607 procedure, which empowers the trial court to "set aside, vacate, and annul the said declaration of taking, together with any title acquired thereby . . ." Code Ann. § 95A-607. Thus, appellee had a forum in which to air its allegations of fraud and bad faith and seek a remedy. Its failure to avail itself of that opportunity does not entitle it now to bring up its allegations of bad faith and fraud in a forum in which the sole issue is just and adequate compensation. See Code Ann. § 95A-612.

2. Appellee argues that it is entitled to damages and attorney fees under § 95A-607 by virtue of Code Ann. §§ 99-3706 and 95A-623 (a) (2) (B). Both of those sections, however, authorize payment for litigation expenses incurred by a condemnee *if* the final judgment is that the condemnor cannot acquire the property by condemnation or the condemnation proceeding is formally abandoned by the condemnor. Neither set of facts is present here.

The condemnee in the present action sought an inapplicable award too late in the condemnation process. There is no statutory basis for an award of attorney fees and litigation expenses presently available to the condemnee. *White v. Ga. Power Co.,* supra; *D.O.T. v. Doss,* 238 Ga. 480, 485 (233 SE2d 144) (Justice Hall's dissent which was expressly adopted as the majority view in *DeKalb County v. Trustees, &c. Lodge No. 1602,* 242 Ga. 707 (251 SE2d 243)). Furthermore, the order of the trial court empowers the condemnation jury to decide an issue not statutorily assigned to it. For these reasons, the trial court's denial of appellant's motion for partial summary judgment was error.

*Judgment reversed. Quillian, C. J., concurs. Carley, J., concurs specially.*

DECIDED NOVEMBER 4, 1982 —
REHEARING DENIED NOVEMBER 23, 1982 —

*J. Matthew Dwyer, Jr., Beryl H. Weiner, John R. Strother, Jr.,* for appellant.

*Richard N. Hubert,* for appellee.

CARLEY, Judge, concurring specially.

I reluctantly concur in the decision of the majority to reverse the trial court's denial of appellant's motion for partial summary judgment in this case. I do so only because of the narrow scope of damages recoverable in Georgia within the context of the actual condemnation proceeding. *Georgia Power Co. v. Bray,* 232 Ga. 558 (207 SE2d 442) (1974); *Simon v. D.O.T.,* 245 Ga. 478 (265 SE2d 777) (1980); *Fountain v. DeKalb County,* 154 Ga. App. 302 (267 SE2d 903) (1980). "Though the law generally favors the prevention of a multiplicity of actions, it appears that condemnation law in Georgia rather strictly limits the relevant evidence in condemnation cases and therefore separate suits for different kinds of damages are not uncommon." *Simon v. D.O.T.,* supra, 479. The majority seems to rely almost entirely upon the fact that the condemnee "did not avail itself of the § 95A-607 procedure . . ." However, the condemnee does not seek to "set aside, vacate [or] annul the . . . declaration of taking." What the condemnee is attempting to litigate is the liability, if any, of the condemnor based upon its alleged fraudulent conduct in connection with the negotiation and acquisition procedures which it utilizes. Specifically, condemnee points to the fact that business damages are recognized under *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884) (1966) and enhancement of value compensation is authorized by the rule of *Hard v. Housing Auth. of Atlanta,* 219 Ga. 74 (132 SE2d 25) (1963). However, according to condemnee, the condemnor handles preacquisition negotiation with prospective condemnees pursuant to federal guidelines which do not recognize such damages. Surely, condemnee should have an opportunity to obtain an adjudication as to the viability of its contentions and the damages that it may have sustained as a result of any improper procedures. However, under the authority cited, such an adjudication is not available within the framework of the condemnation proceeding itself. See also *Simon v. D.O.T.,* 151 Ga. App. 807 (261 SE2d 710) (1979). Therefore, I concur in the judgment only.