69971. BUTLERHOUSE MAINTENANCE COMPANY et al.
v. GREESON et al.
(331 SE2d 46)

CARLEY, Judge.
Christopher Greeson died of a heart attack while on the job. Appellees, who are his widow and his minor children, sought workers' compensation benefits. A hearing was conducted before an administrative law judge (ALJ), who found that the decedent's injury was compensable and made an award in accordance with that finding. Appellants, who are the employer and the insurer against whom the award was entered, appealed to the Full Board. Upon a de novo consideration of all the evidence, the Full Board adopted the award of the ALJ as its own, except that the assessment of attorney fees against appellants was stricken. Thereafter, appellants appealed to the superior court, and that court affirmed the award of the Full Board. Furthermore, the superior court found that the appeal was frivolous and was intended for delay only. Therefore, specifically invoking the provisions of OCGA § 5-3-31, that court assessed additional damages against appellants in the amount of 25% of the award. This court granted appellants' application for discretionary appeal only as to the issue of the propriety of the assessment of a 25% pen-

alty pursuant to OCGA § 5-3-31.

Appellants assert that the provisions of OCGA § 5-3-31 do not apply to workers' compensation cases wherein an appeal to the superior court is brought pursuant to OCGA § 34-9-105. In assessing the applicability of OCGA § 5-3-31 to this particular class of cases, we must consider the language of the statute in light of the entire legislative enactment of which it is a part. See *Undercofler v. Capital Auto. Co.*, 111 Ga. App. 709, 716-717 (143 SE2d 206) (1965).

OCGA § 5-3-31 is part of a statutory scheme which governs generally appeals to the superior court from inferior tribunals. The statutes which comprise this scheme are to be construed to provide for a single system of appellate procedure. *Wofford v. Vandiver*, 72 Ga. App. 623, 627 (34 SE2d 579) (1945). Appeals brought pursuant to OCGA Ch. 5-3 are ordinarily de novo investigations, OCGA § 5-3-29, and the procedural rules applicable to other civil trials generally apply to these de novo reviews. *Brown v. Frachiseur*, 247 Ga. 463 (277 SE2d 16) (1981). Express provision is made for trial by jury upon such appeals. See OCGA § 5-3-30; *Knowles v. Knowles*, 125 Ga. App. 642, 645 (1) (188 SE2d 800) (1972). OCGA § 5-3-31 clearly contemplates the evaluation of evidence by a trior of fact. The statute provides: "If upon the trial of any appeal it shall appear *to the jury* that the appeal was frivolous and intended for delay only, *they* shall assess damages . . . for such delay. . . ." (Emphasis supplied.) This provision is plain, unambiguous, and susceptible of but one natural and reasonable interpretation. Accordingly, " ' "the court has no authority to place a different construction upon it, but must construe it according to its terms." ' [Cit.]" *Mullins v. First Gen. Ins. Co.*, 253 Ga. 486, 487 (322 SE2d 265) (1984). Those terms indicate that the applicability ·of OCGA § 5-3-31 is limited to appeals which are de novo proceedings.

In contrast to the appeals governed by the procedures set forth in OCGA Ch. 5-3, appeals to the superior court in workers' compensation cases are not de novo investigations. OCGA § 34-9-105 (b) provides for appeals to the superior court "in the manner hereafter outlined. . . ." OCGA §§ 34-9-105 (b), (c), and (d) establish that the superior court's review is appellate in nature and is restricted in scope. The superior court does not weigh evidence, and findings of fact which are supported by any evidence are conclusive upon it. It does not hear evidence or make factual determinations, except with regard to fraud. OCGA § 34-9-105 (c); *Dennington v. Rockdale Package Stores*, 161 Ga. App. 450, 451 (1) (288 SE2d 709) (1982). De novo review of a workers' compensation award is not permitted by means of an appeal to the superior court, but is available only when an award of an ALJ is appealed to the Full Board pursuant to the provisions of OCGA § 34-9-103. See generally *S. S. Kresge Co. v. Bryant*,

122 Ga. App. 103 (176 SE2d 286) (1970). In workers' compensation cases, the superior court is the appellate court of last resort as a matter of right, *Southeastern Aluminum Recycling v. Rayburn*, 251 Ga. 365, 366 (306 SE2d 240) (1983), and is not a forum for the re-determination of issues of fact.

It is thus apparent from our examination of the statutes in question that OCGA § 5-3-31 applies only to appeals which are de novo investigations, and that OCGA § 34-9-105 appeals to the superior court are not such de novo reviews. Moreover, since OCGA § 5-3-31 provides for the imposition of a penalty, it must be strictly construed in favor of the party against whom that penalty would be assessed. The parameters of such a statute will not be judicially enlarged so as to include a matter which is not specifically embraced by its terms. See *Moore v. Beneficial Finance Co.*, 158 Ga. App. 535, 537 (281 SE2d 293) (1981); *Balkcom v. Heptinstall*, 152 Ga. App. 539 (263 SE2d 275) (1979). Accordingly, we hold that the penalty prescribed by OCGA § 5-3-31 cannot be assessed by the superior court when it is acting in the appellate capacity prescribed by OCGA § 34-9-105. It was error to award such damages against appellants in the instant case.

Our judgment herein is one of reversal. However, we emphasize that our holding encompasses only the specific issue as to which we granted appellants' application for a discretionary appeal. The merits of any other rulings of the superior court in this case, concerning which appellants' application for a discretionary appeal was denied, are not before us and have not been considered.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 25, 1985.

*Michael K. Jablonski, Richard G. Farnsworth*, for appellants.
*Jack O. Morse*, for appellees.