## A90A0139. COBB COUNTY v. SEVANI.
(395 SE2d 572)

CARLEY, Chief Judge.

Pursuant to OCGA § 32-3-1 et seq., appellant Cobb County (Condemnor) initiated condemnation proceedings against property in which appellee Sevani (Condemnee) held a leasehold interest. Being dissatisfied with the amount of estimated just and adequate compensation that Condemnor had paid into court, Condemnee filed a notice of appeal. Condemnee also filed a petition for an interlocutory hearing on the issue of whether the amount of estimated just and adequate compensation was sufficient. A special master was appointed and an interlocutory award of additional compensation was made. The interlocutory award was approved by the superior court and Condemnor paid the additional compensation into court. Condemnee's appeal was subsequently tried before a jury and resulted in a verdict which was significantly greater than the amount of compensation originally paid into court, but also significantly less than the amount of compensation paid into court pursuant to the special master's interlocutory award. Judgment was entered on the jury's verdict, and Condemnee thereafter made a timely motion for an award of attorney's fees pursuant to OCGA § 9-15-14. The superior court granted the motion, relying entirely upon the manner in which Condemnor had conducted the pre-acquisition appraisal and negotiations as the evidentiary basis for authorizing an award to Condemnee of OCGA § 9-15-14 attorney's fees. Condemnor's application to this court for a discretionary appeal from the superior court's order was granted.

"The General Assembly may provide by law for the payment by the condemnor of reasonable expenses, including attorney's fees, incurred by the condemnee in determining just and adequate compensation." Ga. Const. of 1983, Art. I, Sec. III, Par. I (d). In 1986, the General Assembly enacted OCGA § 9-15-14 which provides that, under certain circumstances, a trial court is authorized to award attorney's fees in "any civil action. . . ." According to Condemnee, enactment of OCGA § 9-15-14 evinces the legislative determination to provide for a recovery of attorney's fees in a condemnation action. Condemnor, on the other hand, urges that the general provisions of

OCGA § 9-15-14 cannot be construed as having any applicability in this or any other condemnation proceeding initiated by the state or its instrumentalities. See OCGA § 1-3-8. However, we need not determine the general applicability of OCGA § 9-15-14 in state-initiated condemnation proceedings. Even assuming that OCGA § 9-15-14 is otherwise generally applicable, that statutory provision is nevertheless not authority for the award of attorney's fees that was made under the specific facts found by the superior court in the instant condemnation proceeding.

OCGA § 9-15-14 (a) provides, in relevant part, that a trial court is authorized to award attorney's fees "to any *party* against whom another *party* has asserted a *claim, defense or other position* with respect to which there existed such a complete absence of any *justiciable issue of law or fact* that it could not be reasonably believed that *a court* would accept the *asserted claim, defense, or other position.*" (Emphasis supplied.) The focus of this provision is clearly upon actions that are undertaken in connection with the underlying *legal proceedings,* and not upon the pre-litigation actions of one who only subsequently becomes a party to a legal proceeding. The only "claim" that was ever asserted by Condemnor in the superior court was its right to condemn Condemnee's property. The only "position" that was ever asserted by Condemnor in the superior court was that the amount originally paid into court represented "just and adequate compensation" for the exercise of that right. Condemnor's legal right to condemn Condemnee's property was never challenged in the superior court and the factual issue of "just and adequate compensation" was resolved by the jury, and not by the superior court. Condemnor's *pre-acquisition* activities are totally irrelevant to the issue of whether it engaged in abusive *litigation* in the superior court. There being no finding that Condemnor ever asserted *in the superior court* "a claim, defense or other position" as to which there was no "justiciable issue of law or fact," OCGA § 9-15-14 (a) is not authority for an award of attorney's fees to Condemnee.

OCGA § 9-15-14 (b) provides, in relevant part, that a trial court is authorized to award attorney's fees if "it finds that an attorney or party brought or defended *an action,* or any part thereof, that lacked substantial justification or that *the action,* or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded *the proceeding* by other improper conduct, including but not limited to, abuses of discovery procedures. . . ." (Emphasis supplied.) It is clear that the focus of this provision is likewise upon the actions that may be undertaken in connection with the underlying *legal proceedings* and not upon any pre-litigation actions of one who eventually becomes a party to a civil action. As noted previously, Condemnor's legal right to bring this con-

demnation proceeding was unchallenged. Condemnee was certainly entitled to expand the proceedings by challenging the sufficiency of the amount of estimated "just and adequate compensation" paid into court. There was no finding by the superior court that, *after* the disputed factual issue of the amount of "just and adequate compensation" was presented for judicial resolution, Condemnor engaged in abusive litigation as defined in OCGA § 9-15-14 (b). The superior court erred in relying upon Condemnor's *pre-acquisition* activities as authorizing an award of attorney's fees to Condemnee.

If Condemnee believed that Condemnor's pre-acquisition activities were abusive, he could have moved to set aside the declaration of taking. OCGA § 32-3-11; *Department of Transp. v. Franco's Pizza & Delicatessen*, 164 Ga. App. 497 (297 SE2d 72) (1982). Condemnee could not, however, acquiesce in Condemnor's taking of the property, proceed to trial before a jury on the issue of "just and adequate compensation," and then move for attorney's fees pursuant to OCGA § 9-15-14 based upon Condemnor's alleged abusive pre-acquisition activities. The award to Condemnee of attorney's fees pursuant to OCGA § 9-15-14 is erroneous and must be reversed.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 30, 1990 —
REHEARING DENIED JULY 6, 1990 — CERT. APPLIED FOR.

*Sams, Glover & Gentry, Richard W. Calhoun,* for appellant.
*H. G. Snipes, Furman Smith, Jr.,* for appellee.