## A93A1524. CONTRACT HARVESTERS et al. v. CLARK.
### (439 SE2d 30)

COOPER, Judge.

In this proceeding for workers' compensation benefits, the Administrative Law Judge (ALJ) found that appellee-claimant Clark sustained a compensable injury and ordered Clark's employer and its insurer, appellants Contract Harvesters and American Interstate Insurance Company, to provide income and medical benefits. The ALJ denied Clark's request for attorney fees. Upon de novo review, the award of the ALJ was made the award of the full board. Pursuant to OCGA § 34-9-105 (b), the employer appealed to the superior court which affirmed the award of the full board and further assessed attorney fees against appellants for pursuing a frivolous appeal, apparently pursuant to OCGA § 9-15-14. Appellants' application for discretionary appeal was granted by this court and a timely notice of appeal was filed. The employer and its insurer appeal from the order of the superior court affirming the award of the full board and assessing attorney fees for frivolous appeal.

1. The superior court's affirmance of the full board's award of benefits is enumerated as error on the general grounds. The findings of fact made by the members of the full board are, in the absence of fraud, conclusive and binding upon a reviewing court if there is "any evidence" to sustain them. *Ga. Cas. Co. v. Martin,* 157 Ga. 909, 915 (122 SE 881) (1924); OCGA § 34-9-105 (c) (4). In support of their enumeration of error, appellants point to a statement by the ALJ in her award that "the [right rear] tire of the vehicle in which [Clark] was driving *blew out* and caused the employee's [sic] truck to veer off the road and overturn." (Emphasis supplied.) It is contended that this finding of fact is unsupported by any competent evidence because a photograph taken immediately after the accident on site shows that the right rear tire is still inflated. This enumeration is patently without merit.

The uncontradicted testimony of Clark and another eyewitness shows that the *tread* became separated from the tire, causing Clark to lose control of the vehicle. Pieces of tread were recovered from the accident site and close-up photographs of the tire confirm that, while still inflated, the tire had no tread and was bare down to the belt. Accordingly, the ALJ's description of the event as a "blow out" is entirely consistent with the physical evidence showing that the tread had become completely separated from the tire. There is no material misstatement of the evidence and the finding of causation in fact is amply supported by competent evidence, both testimonial and physical. Compare *Fidelity &c. Ins. Co. v. Cigna/Pacific Employers Ins. Co.,* 180 Ga. App. 159, 161 (1) (348 SE2d 702) (1986). Neither the ALJ nor the full board, as the trier of fact, was bound by the opinion

testimony of appellants' expert witness. *Thomas v. United States Cas. Co.*, 218 Ga. 493, 494 (3) (128 SE2d 749) (1962); *American Motorists Ins. Co. v. Blaylock*, 84 Ga. App. 409 (66 SE2d 126) (1951). The superior court correctly affirmed the award of benefits ordered by the full board, applying the appropriate standard of appellate review of the evidence adduced below to the contentions of the prevailing party. *St. Paul Ins. Co. v. Henley*, 141 Ga. App. 581, 582 (1) (234 SE2d 159) (1977).

2. Appellants contend that the superior court erred in awarding attorney fees to appellee. Appellants denied coverage and defended on the basis of the employee's wilful misconduct, alleging that Clark was greatly exceeding the speed limit at the time of the accident. This defense was supported by opinion testimony from an expert accident reconstructionist, who testified that the truck was traveling 75 to 79 mph, as well as by circumstantial evidence that Clark had covered a great distance in a short period of time. Although Clark sought an award of attorney fees pursuant to OCGA § 34-9-108 (b) (1), this relief was denied by both the ALJ and the full board. The full board adopted the ALJ's determination that attorney fees were unwarranted for the prosecution of the case in that appellants "had a reasonable defense to this claim [of employee misconduct] based upon their expert who was of the opinion that the employee was exceeding the speed limit when the accident occurred." However, the superior court determined that the appeal itself was frivolous and granted Clark's motion for expenses of litigation, awarding $1,500 in attorney fees for defending the frivolous appeal. Appellants argue that the award of attorney fees is "not based on Georgia law and is not supported by any specific citation," and that the finding of the full board, to the effect that appellants' *defense* of the claim was reasonable, precludes an award of attorney fees on the basis of a frivolous appeal.

Prior to 1978, the superior court, acting in its appellate capacity, was expressly authorized to assess an award of reasonable attorney fees incurred by a prevailing party in defending a frivolous appeal from an award of workers' compensation benefits, pursuant to former Ga. Code Ann. § 114-712. *Magnus Metal &c. Co. v. Stephens*, 115 Ga. App. 432, 433 (2) (154 SE2d 869) (1967); *Dunn v. American Mut. Liab. Ins. Co.*, 64 Ga. App. 509, 514 (13 SE2d 902) (1941). Appellant correctly notes that, pursuant to OCGA § 34-9-108 (b) (1) as currently enacted, only the ALJ or the full board is expressly authorized to assess attorney fees and only upon "a determination that proceedings have been brought, prosecuted, or defended in whole or in part without reasonable grounds." Appellee, on the other hand, contends that the assessment of attorney fees for a frivolous appeal to the superior court from the award of the full board nevertheless is authorized by OCGA § 9-15-14. We agree.

OCGA § 9-15-14 (b) provides: "The court may assess reasonable and necessary attorney fees and expenses of litigation in *any civil action* in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment. . . . As used in this Code section, 'lacked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious." (Emphasis supplied.) Also, OCGA § 9-15-14 (h) expressly provides that, "when a case is appealed from the magistrate court, the appellee may seek litigation expenses incurred below if the appeal lacks substantial justification." Although an "appeal from a decision of a magistrate court is [itself] 'a de novo investigation[,]' [Cits.]" (*Howe v. Roberts*, 259 Ga. 617, 619 (2) (385 SE2d 276) (1989)), we conclude that OCGA § 9-15-14 may be applied when the superior court is sitting in an appellate capacity. Every court has power "[t]o control, in the furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto[.]" OCGA § 15-1-3 (4). The phrase "any civil action in any court of record" is not limited to a *cause* of action *initiated* in a court of record where the Civil Practice Act applies. Nor does OCGA § 9-15-14 limit its application to appeals de novo in the superior court. Compare *Butlerhouse Maintenance Co. v. Greeson*, 174 Ga. App. 637, 639 (331 SE2d 46) (1985) (holding that the "penalty prescribed by OCGA § 5-3-31 cannot be assessed by the superior court when it is acting in the appellate capacity prescribed by OCGA § 34-9-105"). We hold that OCGA § 9-15-14 (b) authorizes a superior court to assess attorney fees against a party or his counsel who has prosecuted a frivolous appeal from a workers' compensation award of the ALJ or the full board in the superior court. See *Osborn & Walcott Mfg. Co. v. Blanton*, 109 Ga. 196, 197 (3) (34 SE 306) (1899) (inherent authority of appellate court to sanction frivolous appeal). Compare *Dills v. Bohannon*, 208 Ga. App. 531, 533 (2) (431 SE2d 123) (1993) (appeal of an arbitration award is not per se an unwarranted expansion of the proceedings such as to authorize an award of OCGA § 9-15-14 (b) attorney fees). Pursuant to OCGA § 9-15-14 (d) the amount of attorney fees and expenses of litigation "shall not exceed amounts which are reasonable and necessary for defending or asserting the rights of a party" before the superior court, and shall not include expenses incurred before the ALJ or the full board. See OCGA § 34-9-108 (b) (1). See also *Dept. of Transp. v. Franco's Pizza &c.*, 200 Ga. App. 723, 727 (5) (409 SE2d 281) (1991) (a trial court is not authorized by OCGA § 9-15-14 to award the expenses of litigation incurred during proceedings before an appellate court of this state).

3. OCGA § 9-15-14 (f) provides that an "award of reasonable and

necessary attorney's fees and expenses of litigation under this Code section shall be determined by the court without a jury and shall be made by an order of court which shall constitute and be enforceable as a money judgment." The superior court determined that this appeal based on the general grounds was frivolous. In this instance, that determination is supported by the nature and quality of the argument presented below. The mere fact that the ALJ and the full board did not award attorney fees to Clark during the factfinding phase of this claim is not determinative as to whether the appeal was brought on frivolous grounds or solely for an improper purpose.

Appellee's counsel prayed for an award of $2,625 and submitted his affidavit relating his experience with workers' compensation cases, the time spent defending this award before the superior court, and his customary hourly rate. The reasonableness of the request was contested by appellants, whose counsel submitted his own affidavit in opposition. The award of $1,500 as reasonable attorney fees incurred in defending the award of the full board is within the range of the evidence adduced and is not on its face manifestly unreasonable. An award of attorney fees and expenses of litigation made under "OCGA § 9-15-14 (b) is discretionary and the standard of review is abuse of discretion." *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (4c) (360 SE2d 566) (1987). Under this standard, the record supports the superior court's award for bringing a frivolous appeal from an award of the full board.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 19, 1993 —
RECONSIDERATION DENIED DECEMBER 7, 1993 —

*Lowendick, Speed & Donahue, H. Durance Lowendick, Kenneth B. Donahue*, for appellants.

*Cathey & Strain, Edward E. Strain III, John C. Swearingen*, for appellee.

