A96A2412. WOODS et al. v. DEPARTMENT OF
TRANSPORTATION.
(482 SE2d 396)

BEASLEY, Judge.
Pursuant to OCGA § 32-3-1 et seq., the Department of Transportation (DOT) filed this condemnation petition for the property of Woods and others. Woods' professional corporation was added as a party. These condemnees were dissatisfied with the $76,000 deposited into the court registry by the condemnor as just and adequate compensation, so they appealed pursuant to OCGA § 32-3-14. A jury awarded $162,000, and final judgment was entered. The condemnees then moved for attorney fees under OCGA § 9-15-14, which the court denied on the ground that this section is inapplicable in eminent domain cases. We granted the condemnees' application for discretionary appeal.

1. In *DeKalb County v. Trustees, Decatur Lodge &c.*, 242 Ga. 707

(251 SE2d 243) (1978), as here, the condemnee's position was that it was entitled to an award of attorney fees to compensate it for the expenses it had to incur in obtaining the fair market value of the property taken, in that the factfinder had awarded more for the property than the condemnor had offered. The question was whether the words "just and adequate compensation" contained in Art. I, Sec. III, Par. I of the 1976 Georgia Constitution were to be judicially interpreted to include the condemnee's attorney fees and litigation expenses. Overruling prior decisions, the Supreme Court answered that question in the negative, reasoning that a proper construction of our constitution does not require such award and this is a public policy matter for legislative determination.

The constitutional provision interpreted in *DeKalb County* was carried forward in subsection (a) of Art. I, Sec. III, Par. I of the 1983 Constitution. Subsection (d) was added: "The General Assembly may provide by law for the payment by the condemnor of reasonable expenses, including attorney's fees, incurred by the condemnee in determining just and adequate compensation." *Cobb County v. Sevani*, 196 Ga. App. 247 (395 SE2d 572) (1990). The General Assembly has not enacted a specific law on that subject. But "[i]n 1986, the General Assembly enacted OCGA § 9-15-14 which provides that, under certain circumstances, a trial court is authorized to award attorney's fees in 'any civil action. . . .'" Id. The meaning of "any civil action" has been given wide berth. See *Contract Harvesters v. Clark*, 211 Ga. App. 297, 299 (2) (439 SE2d 30) (1993); *DeKalb County v. Gerard*, 207 Ga. App. 43 (427 SE2d 36) (1993) (distinguishing as excluded only criminal and quasi-criminal proceedings). This is for the reason that "[i]n all interpretations of statutes, the ordinary signification shall be applied to all words, except words of art or words connected with a particular trade or subject matter. . . ." OCGA § 1-3-1 (b).

Subsection (a) of OCGA § 9-15-14 mandates attorney fees for "any party against whom another party has asserted a claim, defense or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position."

Subsection (b) of OCGA § 9-15-14 allows a discretionary award of attorney fees if the court finds "that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures. . . ."

In both *Sevani* and *Dept. of Transp. v. Franco's Pizza &c.*, 200 Ga.

App. 723, 726 (5) (409 SE2d 281) (1991), the question of whether OCGA § 9-15-14 applies in state-initiated condemnation proceedings was raised but not decided. We reversed the award of attorney fees in *Sevani* because it was for pre-litigation activities, to which § 9-15-14 by its plain language is inapplicable. In *Franco's Pizza*, the trial court awarded attorney fees based on actions by the condemnor before this Court. We reversed, holding among other things that implicit in the statutory language is that a court may impose attorney fees and litigation expenses for proceedings before that court. Id. at 728.

In this case, the trial court reasoned that the General Assembly did not intend OCGA § 9-15-14 to apply in eminent domain cases, because the 1983 Constitution specifically authorizes the General Assembly to provide by law for the payment of attorney fees by the condemnor in such cases, and no specific law has been enacted. But § 9-15-14 applies "in any civil action," and a condemnation proceeding is a civil action. *Griffin v. State of Ga.*, 211 Ga. App. 750 (440 SE2d 483) (1994). The plain and clear language of the statute establishes the intent of the General Assembly that it apply in condemnation proceedings. See OCGA § 1-3-1 (a). The term is all inclusive. The designation is one relating to type of action, not to character or identity of party. Thus, its application to the DOT as condemnor is authorized. See OCGA § 1-3-8.

2. The condemnees sought mandatory attorney fees under subsection (a) of OCGA § 9-15-14 because of the condemnor's failure to tender additional sums into the court registry after its appraiser increased his appraisal to $90,000 during litigation but before trial, and on a discretionary basis under subsection (b) because of the jury's award of substantially more money than the condemnor offered.

If the condemnees were dissatisfied with the amount deposited, they could have utilized OCGA § 32-3-15 to file a petition for interlocutory hearing before a special master on the issue of whether that amount was sufficient compensation. For this reason, if for no other, they are not entitled to attorney fees under subsection (a) based on the amount deposited.

However, they did exercise their right of appeal to a jury pursuant to OCGA § 32-3-14. The trial court can award attorney fees to the condemnees in its discretion under subsection (b) on the ground that the condemnor, by offering less than half the amount found by the jury to represent just and adequate compensation, unnecessarily expanded the proceedings by improper conduct. The judgment is reversed and the case remanded for the trial court to decide whether condemnees are entitled to an award of attorney fees under subsection (b). See generally *Childs v. Catlin*, 134 Ga. App. 778, 782 (216 SE2d 360) (1975).

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

D<small>ECIDED</small> F<small>EBRUARY</small> 14, 1997 —
R<small>ECONSIDERATION DENIED</small> M<small>ARCH</small> 3, 1997 —

Vinson, Talley, Richardson & Cable, James G. Richardson, Michael R. Wing, for appellants.

Michael J. Bowers, Attorney General, George P. Shingler, Daniel M. Formby, Deputy Attorneys General, Charles A. Evans, for appellee.