A97A0396. VULCAN MATERIALS COMPANY v. PRITCHETT.
(489 SE2d 558)

RUFFIN, Judge.

We granted Vulcan Materials Company's ("Vulcan") application for discretionary appeal in this workers' compensation case. The administrative law judge ("ALJ") ordered Vulcan to resume payment of temporary total disability benefits to claimant Terry Pritchett and to pay certain medical bills Pritchett incurred with "unauthorized" physicians. The appellate division of the Workers' Compensation Board affirmed the award, and Vulcan's appeal to the superior court was rejected and sanctioned with an award of attorney fees to Pritchett's counsel, pursuant to OCGA § 9-15-14. For reasons which follow, we affirm.

The record shows that on July 18, 1994, the ALJ awarded Pritchett temporary total disability benefits after finding he had suffered a work-related injury in 1993. It appears that while lifting a heavy object, Pritchett aggravated his pre-existing degenerative disc disease. Vulcan, Pritchett's employer, paid pursuant to that award until October 1994, when it unilaterally suspended payments because Pritchett's authorized treating physician released him to return to work with no restrictions. Pritchett disagreed with the doctor's assessment and claimed the work injury continued to disable him. He requested and received a hearing on this issue and also sought payment of medical expenses he incurred from physicians who treated him after the authorized physician released him to work. That hearing resulted in the rulings which formed the basis for this appeal.

Vulcan's first two enumerations of error challenge the award of disability benefits and medical expenses. " 'In reviewing a workers'

compensation award, both this court and the superior court must construe the evidence in the light most favorable to the party prevailing before the appellate division. It is axiomatic that the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board.' . . . [Cits.]" *Southwire Co. v. Molden,* 223 Ga. App. 389, 390 (477 SE2d 646) (1996). Furthermore, we will affirm the award of benefits if it is right for any reason. *Dasher v. City of Valdosta,* 217 Ga. App. 351, 353 (1) (457 SE2d 259) (1995).

1. In its first enumeration of error, Vulcan contends Pritchett did not carry his burden of proving his continuing disability was caused by the work injury rather than the pre-existing condition. Although the ALJ did place this burden of proof on Pritchett, it did so in error. When an employer unilaterally suspends benefits on the assertion that the employee has the ability to return to work, it is the *employer's* burden to justify that action. *Molden,* supra at 391; *Johnson Controls v. McNeil,* 211 Ga. App. 783, 785 (1) (440 SE2d 528) (1994); *Ga. Power Co. v. Leonard,* 215 Ga. App. 383, 384 (1) (451 SE2d 74) (1994). The two cases which Vulcan cites in support of its position, *Eberhart v. Morris Brown College,* 181 Ga. App. 516 (352 SE2d 832) (1987), and *Cherokee County Hosp. Auth. v. Beaver,* 179 Ga. App. 200 (345 SE2d 904) (1986), are easily distinguished: *neither of those cases involves a workers' compensation claim.* In this case, the ALJ previously determined in an unappealed ruling that Pritchett was entitled to receive temporary total disability benefits as a result of his on-the-job injury. To suspend those benefits, Vulcan was required to prove that Pritchett was no longer disabled as a result of that injury. *Johnson Controls,* supra at 785-786.

Vulcan argues that the only testimony on the issue of causation was that of Dr. Burkus, Pritchett's treating physician, who released him to work without restriction. However, if this testimony was presented, it has not been included in the record on appeal. "The burden is on the party alleging error to show it affirmatively by the record. When the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. Where the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm." (Citation and punctuation omitted.) *Mike's Garage Door Co. v. Dews,* 220 Ga. App. 648, 649 (469 SE2d 855) (1996). Furthermore, "[i]f there was insufficient evidence regarding the issue of whether the initial injury continued to be disabling, then the employer failed to meet its burden of proving a change in condition for the better. Since the employer was unable to justify its sus-

pension of benefits, benefits should have continued based on the initial injury." *Johnson Controls*, supra at 786 (1).

2. Vulcan also claims the ALJ erred by awarding Pritchett medical expenses he incurred with physicians other than his authorized treating physician. Pritchett testified that even though he continued to suffer disabling symptoms, Dr. Burkus released him to work with no restrictions and he was required to seek treatment from these other providers. The ALJ found that these other physicians agreed that Pritchett continued to have disabling limitations. A medical record in evidence indicates that when he released Pritchett to return to work, Dr. Burkus stated he would see Pritchett again "if he has any change in his symptoms."

The ALJ was authorized to find Pritchett justified in seeking treatment with doctors other than the authorized physician if she found Pritchett " 'had been dismissed from treatment as cured even though still in need of treatment. . . .' [Cit.]" *Bel Arbor Nursing Home v. Johnson*, 192 Ga. App. 454 (385 SE2d 315) (1989). See also *Wright v. Overnite Transp. Co.*, 214 Ga. App. 822, 823 (1) (449 SE2d 167) (1994). She found, in fact, that Dr. Burkus "is of the opinion that there is nothing further to offer the employee in the way of medical treatment." In support of its argument that the authorized physician was ready, willing, and able to continue treating Pritchett, Vulcan cites Dr. Burkus' deposition testimony. Once again, Vulcan's appeal suffers from a fatal void in the record, and we must presume the trial court properly resolved this issue in Pritchett's favor. See *Dews*, supra.

3. In its final enumeration of error, Vulcan contends the superior court erred by finding its appeal from the appellate division "frivolous" and awarding Pritchett attorney fees pursuant to OCGA § 9-15-14. As we held in *Contract Harvesters v. Clark*, 211 Ga. App. 297, 298 (2) (439 SE2d 30) (1993), however, such a sanction may be levied where a party appeals a workers' compensation decision to the superior court without substantial justification. The imposition of that sanction is a matter for the trial court's discretion, and we review its ruling only for abuse of discretion. Id. at 300. Here, despite the fact that the ALJ erred in its favor by improperly imposing on Pritchett the burden of proof, Vulcan appealed her decision to the superior court. Because we found in Divisions 1 and 2 that Vulcan's legal arguments had no merit, we find no abuse of discretion.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JULY 11, 1997 —
RECONSIDERATION DENIED JULY 24, 1997 —

*Hamilton, Westby, Marshall & Antonowich, Andrew J. Hamilton, Gregory J. Crabb*, for appellant.
*Samuel W. Oates, Jr.*, for appellee.