S97G0993. DEPARTMENT OF TRANSPORTATION v. WOODS et al.
(494 SE2d 507)

SEARS, Justice.

We granted certiorari in this matter to consider the Court of Appeals' ruling that Article I, Section III, Paragraph I (d) of the Georgia Constitution, read in conjunction with OCGA § 9-15-14, permits trial courts to award attorney fees to condemnees in eminent domain cases. We agree with the Court of Appeals that our present constitutional and statutory schemes do permit the award of attorney fees in condemnation cases, so long as the circumstances of a particular case satisfy the required statutory criteria. However, having reviewed the circumstances of this case, we conclude that an award of attorney fees was not supported by the necessary criteria, and therefore we reverse the judgment of the Court of Appeals.

Appellant Department of Transportation ("DOT") filed a condemnation petition against property owned by Woods. Contemporaneous with the filing of its declaration of taking, DOT filed the affidavit of its appraiser assessing the fair market value of Woods' property at $76,000, and paid $76,000 into the court's registry as just and adequate compensation. Dissatisfied with that amount, Woods appealed pursuant to OCGA § 32-3-14. After discovery was conducted regarding the property's fair market value, DOT's appraiser raised his estimate to $90,000. DOT did not, however, increase the amount of money paid into the court's registry. A four-day jury trial was held, at which Woods contended that the property's fair market value was $410,000. After deliberating, the jury awarded Woods $162,000 in fair market compensation. Woods then sought to recover attorney fees under OCGA § 9-15-14, claiming that the amount of money paid into the registry by DOT was so grossly inadequate that it forced him to incur litigation expenses in order to protect his valuable property interests. The trial court denied the motion, ruling that section 9-15-14 does not allow for the award of attorney fees in eminent domain

cases.

The Court of Appeals reversed.[1] The appellate court reasoned that the Georgia Constitution allows the legislature to provide for a condemnor's payment of reasonable expenses, including attorney fees, incurred by a condemnee in determining just and adequate compensation.[2] Because OCGA § 9-15-14 applies by its terms "in any civil case," and because condemnation proceedings are civil in nature, the appeals court concluded that section 9-15-14 does apply in eminent domain cases. Regarding this case, the appellate court concluded that the trial court could award fees under section 9-15-14 (b), because DOT had offered less than half the amount determined by a jury to be just and adequate compensation, thereby expanding the proceedings by improper conduct.

1. In *DeKalb County v. Trustees, Decatur Lodge*,[3] this Court overruled prior decisions allowing the award of attorney fees in eminent domain cases, and concluded that the words "just and adequate compensation" contained in the 1976 State Constitution's Takings Clause[4] did not include attorney fees incurred by a condemnee in obtaining fair market value for condemned property. The court unanimously concluded that whether attorney fees were available to condemnees in eminent domain cases was a matter for legislative determination.

When the 1983 State Constitution was enacted, the *DeKalb County* opinion was taken into consideration and the Takings Clause of our State Constitution was amended to state that "The General Assembly may provide by law for the payment by the condemnor of reasonable expenses, including attorney's fees, incurred by the condemnee in determining just and adequate compensation."[5] Since that time, no legislation has been enacted that specifically addresses attorney fees in condemnation cases. However, in 1986 — three years after the Takings Clause was amended to allow for such — the General Assembly enacted OCGA § 9-15-14, which provides that under certain statutorily-defined circumstances, a trial court is authorized to award attorney fees "in any civil action."

The term "civil action" has been broadly interpreted to exclude only criminal and quasi-criminal proceedings.[6] While a condemnation proceeding, of course, "is not an ordinary lawsuit," it "obviously is civil in nature and not criminal."[7] This Court previously has ruled

---

[1] *Woods v. Dept. of Transp.*, 225 Ga. App. 29 (482 SE2d 396) (1997).

[2] See Ga. Const. (1983), Art. I, Sec. III, Par. I (d).

[3] 242 Ga. 707 (251 SE2d 243) (1978).

[4] Ga. Const. (1976), Art. I, Sec. III, Par. I.

[5] Ga. Const., Art. I, Sec. III, Par. I (d).

[6] See *DeKalb County v. Gerard*, 207 Ga. App. 43 (427 SE2d 36) (1993).

[7] *Bowers v. Fulton County*, 227 Ga. 814, 820 (183 SE2d 347) (1971) (opinion dissenting

that the Civil Practice Code applies to condemnation proceedings, so long as such application does not conflict with the special statutory provisions prescribed for the State's exercise of its eminent domain powers.[8]

It is presumed that when enacting legislation, the General Assembly acts with full knowledge of the existing state of the law,[9] and in construing acts of the legislature, we must accord all words (other than words of art) their ordinary significance.[10] Accordingly, insofar as OCGA § 9-15-14 applies to *any* civil action," and condemnation proceedings essentially are civil actions, we agree with the Court of Appeals that the statute's plain language, read in conjunction with the State Constitution's Takings Clause, establishes that the General Assembly intended that section 9-15-14 apply to condemnation proceedings.

2. OCGA § 9-15-14 (a) states that attorney fees "shall be awarded" in any civil action in which the party from whom fees are sought "has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." Similarly, subsection (b) of the statute provides that attorney fees "may" be assessed in any civil action upon a finding that (1) an action or defense lacked substantial justification or was interposed for purposes of delay or harassment, or (2) the action was unnecessarily expanded by improper conduct on the part of an attorney or party.

Woods had sought to collect fees under the mandatory provisions of subsection (a) by arguing that DOT's failure to increase the amount paid into the court's registry after its appraisal was raised during discovery was evidence that DOT's position was so untenable that it could not reasonably be believed. We agree with the Court of Appeals that if Woods was dissatisfied with the amount deposited as just and adequate compensation, the proper remedy would have been to seek an interlocutory hearing under OCGA § 32-3-15, wherein a special master could have determined whether the amount on deposit was sufficient compensation. Furthermore, because DOT's initial deposit was based upon a valid estimate made by a qualified appraiser, it cannot be said that its position was void of "any justiciable . . . fact, [such] that it could not be reasonably believed that a court would accept [it]."[11] Therefore, an award of fees was not man-

---

on different grounds); see *Bloodworth v. State*, 185 Ga. App. 880 (366 SE2d 324) (1988).

[8] *Brooks v. Dept. of Transp.*, 254 Ga. 60, 61 (327 SE2d 175) (1985).

[9] *Price v. City of Snellville*, 253 Ga. 166, 167 (317 SE2d 834) (1984).

[10] *City of Roswell v. City of Atlanta*, 261 Ga. 657 (410 SE2d 28) (1991).

[11] OCGA § 9-15-14 (a).

dated under the circumstances of this case.

However, the Court of Appeals concluded that the trial court could award attorney fees to Woods under the discretionary provisions of OCGA § 9-15-14 (b), because DOT had offered Woods less than half the amount found by the jury to represent just and adequate compensation, thereby "unnecessarily expand[ing] the proceeding by . . . improper conduct."[12] We disagree with that assessment of DOT's position regarding just and adequate compensation for its taking of the property. Rather than being evidence of improper conduct, DOT's estimate of fair market value merely showed that it disagreed with Woods as to the property's value. In this regard, it must be noted that DOT's estimate was based upon the opinion of an experienced, independent appraiser, and thus neither lacked "substantial justification," nor evidenced "improper conduct." Regarding the Court of Appeals' reliance on the fact that the jury awarded Woods nearly twice what DOT had offered to pay, it also should be noted that the jury awarded less than half — roughly 40 percent — of the amount sought by Woods, and that the jury's award was much closer to DOT's estimate of the property's value than it was to Woods' estimate. In fact, we believe that Woods' own estimate so vastly exceeded the jury's award that it discredits his argument that DOT's estimate was interposed for purposes of harassment and delay. Finally, fees are not recoverable in condemnation cases under OCGA § 9-15-14 (b) merely because the verdict exceeds the condemnor's estimate, based upon valid evidence, of fair market value. Rather, as explicitly stated in the statute, there must be some evidence of improper conduct, a lack of substantial justification, or an intent to delay or harass. Because our review of the record reveals no such evidence in this case, we reverse the Court of Appeals' conclusion that an award of attorney fees would be authorized in this matter.

*Judgment reversed. All the Justices concur, except Hunstein, J., who concurs to Division 2 in the judgment only.*

DECIDED JANUARY 12, 1998 —
RECONSIDERATION DENIED FEBRUARY 9, 1998.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Senior Assistant Attorney General, Cathy A. Cox-Brakefield, Assistant Attorney General, Charles A. Evans,* for appellant.

*Moore, Ingram, Johnson & Steele, Michael R. Wing, Vinson, Talley, Richardson & Cable, James G. Richardson, William T. Cable, Jr.,*

---

[12] 225 Ga. App. at 31.

for appellees.

*Beryl H. Weiner, Susan B. Forsling*, amici curiae.