A99A0452, A99A0472. OSOFSKY v. BOARD OF MAYOR &
COMMISSIONERS, CITY OF AVONDALE ESTATES;
and vice versa.
(515 SE2d 413)

BEASLEY, Presiding Judge.

Commissioner Howard Osofsky lost his position on the Board of Mayor and Commissioners of the City of Avondale Estates when the Board declared his seat vacant as a result of his moving outside the city limits. On appeal to the superior court he lost the residence issue and was ordered to pay a portion of the Board's attorney fees based on an OCGA § 9-15-14 motion.

In Case No. A99A0452 he appeals the attorney fees award on three grounds: (1) OCGA § 5-3-31, not OCGA § 9-15-14, applies to motions for attorney fees in appeals to superior court; (2) it was inconsistent to find he had a justifiable reason to seek court review as to residence and impose attorney fees for frivolous litigation; and (3) he did not unnecessarily expand the proceedings below. In its cross-appeal (Case No. A99A0472), the Board contends the court should have awarded its entire request for attorney fees because the appeal to the superior court was patently frivolous.

### Case No. A99A0452

1. Incorrect is Osofsky's contention that OCGA § 5-3-31 provides the exclusive remedy for imposition of sanctions for appeals to the superior court. This statute provides:

> If upon the trial of any appeal it shall appear to the jury that the appeal was frivolous and intended for delay only, they shall assess damages against the appellant and his security, if any, in favor of the appellee for such delay, not exceeding 25 percent on the principal sum which they shall find due, which damages shall be specially noted in their verdict.[1]

*Butlerhouse Maintenance Co. v. Greeson*[2] held that OCGA § 5-3-31 is the vehicle for awarding attorney fees in de novo appeals to superior court. Pursuant to OCGA § 5-3-29, Osofsky's appeal was de novo, with original evidence heard and evaluated by the court. But the statute presumes a money award as a basis to calculate the frivolous appeal damages. So it is applicable "only to cases of appeal wherein the jury returns a verdict for a sum of money."[3] Because the

---

[1] OCGA § 5-3-31.
[2] 174 Ga. App. 637, 638 (331 SE2d 46) (1985).
[3] *Adams v. Carnes*, 111 Ga. 505, 509 (3) (36 SE 597) (1900).

ruling that Osofsky vacated his office by moving outside Avondale Estates resulted in no money award, the statute did not apply.

Instead, OCGA § 9-15-14 supplied authority. The year after *Butlerhouse* the General Assembly enacted this Code section, which provides independent guidelines for attorney fees "[i]n any civil action in any court of record."[4] This language is plainly all-inclusive.[5] *Contract Harvesters v. Clark*[6] held that the statute "may be applied when the superior court is sitting in an appellate capacity," whether or not the proceeding is de novo.[7]

2. Invoking OCGA § 9-15-14 (b), the court concluded that Osofsky unnecessarily expanded the proceedings by (i) denying he was a resident of Atlanta and entering into a sham lease to show he was a resident of Avondale Estates, and (ii) filing two suits — the appeal from the Board's decision and a writ of certiorari from that decision.

(a) As to the first finding, the court stated that although Osofsky had a justifiable reason to seek the court's determination of his domicile and his status as commissioner based on alleged ambiguities in the laws of Avondale Estates, he had no right to mislead the court and expand the proceedings by improper conduct. Osofsky argues that the court could not award attorney fees since it found he had justifiable reason to seek the superior court appeal. He ignores that it was not his pursuit of appeal that motivated the attorney fees award; it was his taking absurd positions and relying on sham documents. This approach forced the Board to expend time, effort, and money to investigate and disprove.

(b) Osofsky also challenges the evidentiary basis for the two findings of unnecessary expansion. "OCGA § 9-15-14 (b) is discretionary and the standard of review is abuse of discretion."[8]

With regard to his submission of the sham document, evidence supported an award of attorney fees. According to the Charter for Avondale Estates, a commissioner's office is vacated "by the incumbent ceasing to be a resident. . . ."[9] Although "residence" is defined as domicile,[10] domicile requires that a person not only have the intent to reside in the locality permanently, but also that the person have an actual physical residence there.[11]

---

[4] OCGA § 9-15-14 (a), (b).

[5] *Dept. of Transp. v. Woods*, 269 Ga. 53, 55 (1) (494 SE2d 507) (1998).

[6] 211 Ga. App. 297, 299 (2) (439 SE2d 30) (1993).

[7] See *Vulcan Materials Co. v. Pritchett*, 227 Ga. App. 530, 532 (3) (489 SE2d 558) (1997) (applying OCGA § 9-15-14 to appeal of workers' compensation decision).

[8] *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987).

[9] Charter of the City of Avondale Estates, § 1-310 (c); Ga. L. 1995, p. 3504, § 2; see generally OCGA §§ 21-2-217 (6); 45-5-1 (5).

[10] OCGA § 21-2-2 (32).

[11] *Williams v. Williams*, 226 Ga. 734, 736 (2) (177 SE2d 481) (1970), overruled on other grounds, *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614 (208 SE2d 459) (1974); *Avery v.*

The issue before the superior court was whether Osofsky's alleged intention to remain a resident of Avondale Estates meant he was domiciled there, even though he had no physical residence there for a period of at least three months. On July 14, 1997, Osofsky sold his home in Avondale Estates (DeKalb County) and purchased a condominium located in the City of Atlanta (Fulton County), to which he moved shortly thereafter. On October 30, Osofsky received notice that the Board intended to consider a resolution to declare his commissioner position vacant because he had moved outside Avondale Estates and had since maintained no residence in the city.

The next day Osofsky signed a lease for a bedroom from a friend who maintained a residence in Avondale Estates. He presented this lease to the Board as proof that he maintained a physical residence in the city. At the superior court hearing in March 1998, he again relied on this lease, but he conceded he had not slept in the bedroom since the first of December. All his furniture and belongings were at the Atlanta condominium, where he lived and slept regularly.

To rebut the lease, the Board was forced to investigate and present evidence showing Osofsky resided regularly at the Atlanta condominium and that the circumstances surrounding the lease were suspect at best and fraudulent at worst. The court did not abuse its discretion in concluding Osofsky's improper conduct unnecessarily enlarged the case.

Regarding the filing of two separate suits, the court did err. It awarded the Board its attorney fees incurred in investigating a separate action brought by Osofsky as a writ of certiorari to review the same Board decision.[12] Pursuant to agreement of the parties, this action was dismissed within days of its filing, and no motion for attorney fees was filed.

The research regarding the propriety of filing a petition for writ of certiorari in another suit does not apply to the present action since the parties agree this action was procedurally proper. If the Board wished to recoup legal expenses resulting from Osofsky's filing a petition for writ of certiorari in addition to an appeal to superior court, it had to do so by timely motion in the certiorari suit following Osofsky's voluntary dismissal.[13] Those expenses were not incurred in the

---

*Bower,* 170 Ga. 202, 204 (1) (152 SE 239) (1930) ("[t]here must be a concurrence of actual residence and the intention to remain, to acquire a domicile"). Compare *Haggard v. Graham,* 142 Ga. App. 498 (236 SE2d 92) (1977) (establishing new physical residence elsewhere does not change domicile where physical residence also maintained at old location and intent to reside at old residence continues).

[12] See OCGA §§ 5-4-1 et seq.; 15-6-8 (4) (certiorari available to review municipal corporation's judicial decision); *City of Cedartown v. Pickett,* 193 Ga. 840, 842 (1) (20 SE2d 263) (1942); see generally Ga. Const. of 1983, Art. VI, Sec. IV, Par. I.

[13] Accord *Gist v. DeKalb Tire Co.,* 223 Ga. App. 397, 399 (2) (477 SE2d 616) (1996).

present action and were not relevant to it. Because the award does not designate how much is attributable to this matter, the award is vacated and the case remanded for the court to subtract from the award the fees associated with certiorari.

*Case No. A99A0472*

3. In its cross-appeal, the Board argues it should have been awarded all its attorney fees, not just a portion. It claims the entire matter completely lacked any justiciable issue of law or fact and was frivolous as a matter of law under OCGA § 9-15-14 (a).

The standard of review for court findings under OCGA § 9-15-14 (a) is the "any evidence" rule.[14] Evidence supported the court's finding that many issues Osofsky brought for judicial resolution were "legally justified." On the residence issue Osofsky had a draft letter from the city attorney stating that his move to Atlanta did not disqualify him from his commissioner's office; the DeKalb Board of Registrations & Elections found that despite his move to the Atlanta condominium (inside Fulton County) he was qualified to vote in DeKalb County; and the city charter language was ambiguous as to what locality it was referring when it stated that ceasing to be a resident caused a position to be vacated.[15]

The Board emphasizes that after the superior court ruling Osofsky signed a tax-exemption certificate declaring that he had been a resident of Fulton County since January 1, 1998. Though this may be evidence which would support a finding of lack of any justiciable issue, it is not conclusive and may represent a conscious decision by Osofsky to domicile in Fulton County after the court found that for at least a period of time he was not a domiciliary of DeKalb County and Avondale Estates.

The court did not err in refusing to award total attorney fees under OCGA § 9-15-14 (a).

*Judgment vacated and remanded with direction. Blackburn and Barnes, JJ., concur.*

DECIDED MARCH 31, 1999.

*George Spears*, for appellant.

*Wilson, Morton & Downs, Robert E. Wilson, Bryan A. Downs*, for appellee.

---

[14] *Bd. of Regents*, supra, 257 Ga. at 527 (4) (c).
[15] Charter of the City of Avondale Estates, § 1-310 (c); Ga. L. 1995, p. 3504, § 2.