A03A1977. MARCHELLETTA et al. v. SEAY CONSTRUCTION
SERVICES, INC. et al.
(593 SE2d 64)

ANDREWS, Presiding Judge.

Gerard and Sandy Marchelletta, husband and wife, appeal from two superior court orders resulting from a contract dispute with Seay Construction Services, Inc. (Seay) over the construction of their new home. The dispute was arbitrated and the award made the judgment of the superior court. The Marchellettas appeal the January 15, 2003 order which denied their motion to vacate the award, issued judgment on the award, including, the Marchellettas contend, improper pre-award interest, and added St. Paul Fire & Marine Insurance Company, surety on their bond to remove the lien, as a party; and the March 18, 2003 order which amended the earlier judgment, granting judgment on the bond and the award of attorney fees to Seay.

The Marchellettas entered into a written contract with Seay in November 1999, for the construction of an upscale home in Fulton County. The original plans and specifications were for an upscale, stone exterior, with an average builder grade interior finish, at an estimated cost of $105 per square foot, for which Seay would be paid a fixed price builder's fee of $68,500, plus reimbursement for any sums advanced on appellants' behalf.

Shortly after construction began, the Marchellettas began to make numerous changes and additions to the project, including grading changes, an increase in the size of the home, and an upgrade of the interior finish to include, among other items, exotic wood floors, slate steps, granite floor inlays, and high end custom kitchen cabinets. As a result of these changes and additions, the costs rose from $105 per square foot to $160 to $170 per square foot. Numerous problems of coordination of the work resulted, creating schedule delays.

One particularly troublesome element of the construction which delayed the project was a pizza oven, which, on the original draw-

ings, appeared to be installed under cabinets as a typical appliance. Instead, what Mr. Marchelletta wanted was the installation of an outdoor woodburning brick oven, adapted to indoor use. Mr. Seay worked with the oven's manufacturer in order to insure proper installation, which necessitated additional engineering work, increased structural bracing, and a separate chimney. Because Mr. Marchelletta could not decide for months where in the kitchen he wanted the oven, this delayed structural framing as well as electrical and HVAC inspections. No Sheetrock or insulation could be put up until these inspections were obtained.

Although Mr. Marchelletta is president of a commercial construction company, responsible for estimating costs, sales, project management, and purchasing, he refused to take any responsibility for delays due to his untimely decision making. Further, Mr. Marchelletta refused to allow 180 days of rain as legitimate delay, although that is provided for in Article 2 of the contract.

Progress payments were required to be made to Seay by Article 4 of the contract. Although five progress payments were made, Marchelletta did not make prompt and full payment on Seay's sixth and seventh requests for payment. The Marchellettas terminated the contract in June 2001. Although Mr. Marchelletta audited the contract costs and did not dispute them, Seay was unable to resolve the pending payment issues. Seay refused to accept a partial payment which required a broadly worded release, instead filing a lien and demanding arbitration under the contract, which included an arbitration clause.[1]

Seay filed the demand for arbitration in August 2001, seeking payment of the fee of $68,500 plus out of pocket costs advanced of $15,912.74,[2] for a total of $84,412.74. The Marchellettas filed a counterclaim in arbitration, seeking set-offs of $327,000 for what they contended were construction defects and structural inadequacies. Seay acknowledged that the head room at the stairs descending into the family room area was less than required by the building code, although Seay contended that this work was completed by Marchelletta's workers after Seay was terminated. While Seay testified that the repairs for this problem could be made for between $800 and $1,500, Marchelletta's estimate to repair was $6,062.

The arbitration was originally scheduled for November and the arbitrator directed that it be held at the Marchellettas' home, so that

---

[1] "All claims and disputes arising out of, or relating to this agreement, or breach thereof, shall be decided by binding arbitration in accordance with the Rules and Procedures of Construction Arbitration Associates, Ltd."

[2] Seay originally claimed more in costs, but discovered that some suppliers had been paid directly by the Marchellettas and reduced the claimed costs.

claimed defects could be examined by Seay's witnesses and seen by the arbitrator. After requesting two continuances of the arbitration, the Marchellettas instead initiated this litigation in superior court, alleging several counts. They sought to have declared unconstitutional that part of the Arbitration Code which allows the arbitrator to set the venue for the hearing; to recover for trespass based on Bob Seay's cooperating with a building inspector attempting to go on the property to determine if a subcontractor was working without a license; and for injunctive relief to prevent future trespasses.

In March 2002, the superior court granted partial summary judgment to Seay, returning the construction contract dispute to arbitration and directing the Marchellettas to make their premises available for inspection prior to the arbitration and for the arbitration. The trial court also granted judgment in Seay's favor on Count 1 (trespass), Count 3 (seeking to declare the venue provision of the Arbitration Code unconstitutional), and Count 6 (punitive damages). The remaining counts of the complaint and the counterclaim were stayed pending arbitration.

A consent order was entered by the trial court on March 28, 2002, in which the parties agreed to conduct the arbitration at a motel conference room near the residence, with inspections allowed in the afternoons by the arbitrator, the parties, their experts, and photographers.

On September 9, 2002, the arbitrator issued his award finding that the Marchellettas owed Seay $78,959 on the contract and were responsible for reimbursement to Seay of $5,400 in arbitrator and administrative fees, a total of $84,359. By order of January 15, 2003, the trial court confirmed the arbitrator's award, including fees, pursuant to OCGA § 9-9-12, awarded $3,000 in attorney fees to Seay pursuant to OCGA § 9-15-14, and added St. Paul Fire & Marine Insurance Company as a party because it was the surety on the bond posted by the Marchellettas to discharge Seay's lien on their property. By order of March 18, 2003, the trial court entered its amended judgment against the Marchellettas and St. Paul Fire & Marine Insurance Company, foreclosing the special lien on the proceeds of the bond posted by St. Paul.

1. The Marchellettas' first enumeration is that the trial court erred in issuing judgment for interest on a gross sum award.

The arbitrator's award of September 9, 2002, stated that it was in "full satisfaction of all claims and counterclaims submitted to arbitration," and awarded Seay $78,959, plus $5,400 for the arbitrator and other fees. The court's order of January 15, 2003, confirmed this award and awarded "interest on the principal amount and administrative fee totaling $84,359.00 from the Arbitration Award on September 9, 2002."

Following the filing of Seay's motion to confirm the arbitration award, the Marchellettas filed their motion to vacate the award on the grounds "the award is vague and imperfect, and on the grounds the Arbitrator failed to follow the procedure of OCGA § 9-9-11." OCGA § 9-9-11 deals with the circumstances under which the arbitrator may change the award upon motion of a participant. Here, the Marchellettas, through counsel, did ask the arbitrator to change the award because it was "imperfect in a matter of form, not affecting the merits of the controversy. OCGA § 9-9-11 (a) (3)." As pertinent here, the imperfection was the claimed failure of the award to reflect how the arbitrator ruled regarding the construction defects alleged in the Marchellettas' counterclaim. The arbitrator declined to make the requested change on the ground that it was beyond his authority to offer reasons for his decision, including "breakdown of amounts for monetary portions of an Award unless requested prior to the Arbitration Award." No such pre-arbitration request had been made. No mention was made in the Marchellettas' motion or in the award of any interest accruing prior to entry of the award.

Also incorporated into the motion to vacate were the grounds stated in the Marchellettas' response to the motion to confirm. These grounds were that Seay was requesting interest not legally permissible under the award; the award was vague "in that it did not make a finding on interest or a finding in favor of or against the Counterclaim though it purported to pass on all claims and counterclaims presented"; that the award did not establish the lien; and OCGA § 9-11-14 does not permit the motion for joinder.

Pursuant to OCGA § 9-9-13 (b), a trial court may only vacate an arbitration award where the contesting party proves that he was prejudiced by (1) corruption, fraud, or misconduct in procuring the award; (2) partiality of an arbitrator appointed as neutral; (3) an overstepping by the arbitrator of his authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; or (4) failure to follow the procedure of the statute, unless the party seeking to vacate the award continued with it with notice of this failure and without objection.[3]

In deciding whether to confirm or vacate an arbitration award, a trial court's role is severely curtailed so as not to frustrate the purpose of avoiding litigation. *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.*, 176 Ga. App. 232, 236 (4) (335 SE2d 708) (1985). See *Goodrich v. Southland Homes*

[3] A fifth ground, the arbitrator's manifest disregard of the law, was added by amendment effective July 2003, and is not applicable to this case. Ga. L. 2003, pp. 820, 821, § 2; Ga. L. 2003, p. 828, § 9.

*Corp.*, 214 Ga. App. 790 (1) (449 SE2d 154) (1994). Unless one of the statutory grounds for vacating an award as set forth in OCGA § 9-9-13 (b) is found to exist, a trial court in reviewing an award is bound to confirm it. *Greene v. Hundley*, 266 Ga. 592, 596 (3) (468 SE2d 350) (1996). On appeal, we will not evaluate the sufficiency of the evidence in arbitration cases and we will not disturb a trial court's confirmation of an arbitration award, unless the existence of any of the four statutory grounds is shown. *Greene*, 266 Ga. at 596-597 (3).

*Gilbert v. Montlick*, 232 Ga. App. 91, 93 (1) (499 SE2d 731) (1998).

The only two statutory grounds raised by the Marchellettas are those in OCGA § 9-9-13 (b) (3) and (4) (overstepping authority/imperfect execution and failure to follow procedure of the statute), and these are all we consider.

The Marchellettas' argument here is premised on their allegation that the sum awarded Seay by the arbitrator improperly included pre-award interest. In their motion to vacate the award, however, no mention is made of pre-award interest. Pretermitting this failure, however, we find that the award is supported by the evidence and reflects that no pre-award interest was included in the amount found due Seay.

> "Prejudgment interest is allowable only where the amount recoverable is liquidated, i.e., certain and fixed, a sum which cannot be changed by the proof. A debt is liquidated when it is certain how much is due and when it is due. . . . A demand is not liquidated where its amount could only be established by a [factfinder]." (Citations and punctuation omitted.) *Marathon Oil Co. v. Hollis*, 167 Ga. App. 48, 51-52 (3) (305 SE2d 864) (1983).

*Bush v. Northside Trucking*, 252 Ga. App. 729, 731 (1) (556 SE2d 909) (2001). See also *Typo-Repro Svcs. v. Bishop*, 188 Ga. App. 576, 579 (2) (373 SE2d 758) (1988).

As set out above, there was a dispute here as to how much Seay was owed as the result of fronting costs for the construction as well as what set-offs, if any, were due the Marchellettas for the claimed defects. Although Seay originally claimed $84,412.74, the arbitrator found him due only $78,959. The Marchellettas' engineer, Studdard, opined that the cost of repair for correction of the head room over the stairs descending to the family room totaled $6,062, while Seay contended it would cost from $800 to $1,500. A breakdown of Studdard's estimate provides evidence that the arbitrator credited the Marchel-

lettas with $4,452 of his total, covering demolition labor ($640); framing labor ($960); cost of an 18- by 22-inch structural beam ($550); replacing Sheetrock ($512) and wood trim ($350); and repainting the area ($1,440).

Therefore, no pre-award interest was improperly included in the award and the award was within the range of the evidence presented. See *Hilliard v. J. C. Bradford & Co.*, 229 Ga. App. 336, 341 (2) (494 SE2d 38) (1997).

Further, even if the award is construed as including such interest, OCGA § 9-9-13 (d) states that "[t]he fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award." See *Faiyaz v. Dicus*, 245 Ga. App. 55, 57 (2) (537 SE2d 203) (2000).

There was no error.

2. The Marchellettas also contend that their motion to vacate should have been granted because the award was imperfect in execution as vague in that, as argued in Division 1, it did not make specific findings regarding the Marchellettas' counterclaim.

In addition to the authority cited in Division 1, this argument is also controlled adversely to the Marchellettas by *Cotton States*, supra at 232. As stated therein, "OCGA § 9-9-90 (a) provides in part that, '(t)he award shall be in writing and signed by the arbitrators joining in the award.' *There is no mandate that the award include specific findings or reasons, or that it expressly address each and every issue and collateral issue arising in an arbitration.*" (Emphasis supplied.) Id. at 234 (2).

The record shows that the arbitrator fully considered the Marchellettas' counterclaim and, by awarding them no money, found the counterclaim invalid except for the amount credited for the head room over the stairs. Their second enumeration is without merit.

3. The Marchellettas also urge that the trial court's grant of Seay's motion to join St. Paul, pursuant to OCGA § 9-11-14, was error.

Although technically correct that St. Paul was not an indispensable party under OCGA § 9-11-14, see *Hendricks v. Blake & Pendleton, Inc.*, 221 Ga. App. 651, 652 (1) (472 SE2d 482) (1996), this does not make the grant of Seay's motion reversible error because, as acknowledged by the Marchellettas' counsel at the hearing on January 7, 2003, St. Paul is a necessary party whose joinder could have been ordered by the court absent a motion. Joinder of St. Paul was not error. *Guhl v. Tuggle*, 242 Ga. 412, 413 (1) (249 SE2d 219) (1978); *Turner Outdoor Advertising v. Old South Corp.*, 185 Ga. App. 582, 583 (2) (365 SE2d 149) (1988); *S.D.H. Co. v. Stewart*, 135 Ga. App. 505, 508 (2) (218 SE2d 268) (1975).

4. Finally, the Marchellettas appeal the trial court's award, pursuant to OCGA § 9-15-14 (b), of $3,000 in attorney fees to Seay.

In its order of January 15, 2003, amended by its March 18, 2003 order, the trial court concluded that the Marchellettas had

> filed this action seeking, in part, to declare unconstitutional that portion of Georgia's Arbitration Statute permitting the Arbitrator to set the venue of the hearing, to preclude an inspection of their residence where quality issues were raised, and to recover in trespass for peaceably cooperating with a building inspector. These issues were resolved against Plaintiffs by Summary Judgment. The Court encouraged Plaintiffs to resolve the payment issues as quickly and efficiently as possible. Plaintiffs participated in a six day Arbitration, presented evidence, and cross-examined witnesses. A transcript was prepared. The Arbitrator issued an unambiguous award. *Plaintiffs have presented no factual or legal issues even approaching any of the statutory grounds for vacating the Award.* The Marchellettas have unnecessarily expanded this proceeding by the Motion to Vacate and objection to adding St. Paul Fire Insurance Company as a party hereto.

(Emphasis supplied.)

OCGA § 9-15-14 (b) is discretionary, and the standard of review on appeal is abuse of discretion. *Haggard v. Bd. of Regents &c. of Ga.,* 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987); *Santora v. American Combustion,* 225 Ga. App. 771, 774 (485 SE2d 34) (1997).

As set out above, the legal arguments made by the Marchellettas were without merit and provided no basis for vacating the arbitrator's award. Factually, of thirty claimed construction defects, only one was found to have any merit by the arbitrator. While the arbitrator did not award attorney fees, that in no way restricts the trial court's ability to do so.

We find no abuse of discretion in the trial court's award. *Atwood v. Southeast Bedding Co.,* 236 Ga. App. 116, 117-119 (3) (511 SE2d 232) (1999); see *Osborn & Walcott Mfg. Co. v. Blanton,* 109 Ga. 196 (34 SE 306) (1899); *Lawrence v. Direct Mtg. Lenders Corp.,* 254 Ga. App. 672, 676 (4) (563 SE2d 533) (2002); *Vulcan Materials Co. v. Pritchett,* 227 Ga. App. 530, 532 (3) (489 SE2d 558) (1997); *Contract Harvesters v. Clark,* 211 Ga. App. 297, 298-299 (2) (439 SE2d 30) (1993).

5. Seay requests imposition of the ten percent penalty provided by OCGA § 5-6-6 for frivolous appeal.

Because, as discussed above, no basis for vacating the award of the arbitrator was shown and no valid reason for the Marchellettas to anticipate the reversal of the trial court's confirmation of this award exists, we conclude that this appeal was brought only for purposes of delay. *Allen v. Peachtree Airport Park Joint Venture*, 231 Ga. App. 549, 551-552 (4) (499 SE2d 690) (1998); see *Intl. Indem. Co. v. Saia Motor Freight Line*, 223 Ga. App. 544, 547 (4) (478 SE2d 776) (1996). The clerk is directed to enter ten percent damages upon the remittitur.

*Judgment affirmed with direction. Barnes and Adams, JJ., concur.*

DECIDED JANUARY 6, 2004.

*Brockman & Teague, Jonathan R. Brockman, James S. Teague, Jr.,* for appellants.
*Johnson & Ward, John C. Dabney, Jr., Porter, Orrison & Doster, Brenda K. Orrison,* for appellees.