A08A1909. AIRTAB, INC. v. LIMBACH COMPANY, LLC et al.
(673 SE2d 69)

JOHNSON, Presiding Judge.

Airtab, Inc. sued Limbach Company, LLC and Limbach Facility Services, LLC (collectively, "Limbach") for breach of contract, unjust enrichment, quantum meruit, and fraud in connection with subcontract work Airtab agreed to perform for Limbach on a construction project. Limbach answered and counterclaimed for breach of the contract and attorney fees. Pursuant to an arbitration clause in the subcontract, the trial court referred the case to arbitration.

Following a five-day hearing, the arbitrators awarded $133,222 to Airtab and $152,451 to Limbach on their competing claims. The arbitrators also ordered Airtab to pay Limbach $1,458 in interest and $91,150 in attorney fees. When Limbach moved to confirm the arbitration award, Airtab objected and sought to vacate it, arguing that the arbitrators were biased toward Limbach, overstepped their authority, and disregarded the law. The trial court rejected Airtab's arguments, entered judgment based on the award, and granted Limbach additional interest accruing from the date the award became payable. We find no error.

Because the purpose of arbitration is to *avoid* costly litigation, judicial review of an arbitration award is limited.[1] Under OCGA § 9-9-13 (b), a trial court may vacate an award only if the contesting party proves that it was prejudiced by:

---

[1] *Marchelletta v. Seay Constr. Svcs.*, 265 Ga. App. 23, 26 (1) (593 SE2d 64) (2004).

(1) Corruption, fraud, or misconduct in procuring the award; (2) Partiality of an arbitrator appointed as a neutral; (3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; (4) A failure to follow the procedure of [the Georgia Arbitration Code], unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection; or (5) The arbitrator's manifest disregard of the law.

Absent one of these statutory grounds, the trial court must confirm the award.[2] Similarly, we will not reverse an order confirming an award unless the appellant demonstrates that a statutory ground exists.[3]

1. Airtab contends that the arbitration award must be vacated under OCGA § 9-9-13 (b) (2) because it resulted from bias and partiality. According to Airtab, the arbitration panel's chairman was overly deferential to Limbach, its counsel, and its witnesses; treated Airtab's witnesses with hostility; and impeded Airtab's case by questioning witnesses and interrupting counsel. To support these claims, Airtab submitted the affidavit of its attorney, who testified about the chairman's "overt advocacy for Limbach, hostility to Airtab and adversarial non-neutral comments during the proceedings."

In a competing affidavit, however, counsel for Limbach testified that the arbitrators showed no bias. And after reviewing the chairman's various comments and questions during the arbitration, the trial court determined that he was aggressive in his questioning, but was simply trying to "ferret out what really went on" and exhibited no partiality.

Airtab has cited no authority that prevents an arbitrator from questioning witnesses during an arbitration. In contrast, Limbach offered evidence that applicable rules specifically permitted such questioning and allowed arbitrators to conduct the proceedings with a view toward resolving the dispute expeditiously. We further note that the arbitration panel ultimately awarded Airtab over $133,000. Under these circumstances, the trial court did not err in rejecting Airtab's claims of partiality and bias.[4]

---

[2] Id. at 27.

[3] Id.

[4] See *Doman v. Stapleton*, 272 Ga. App. 114, 118 (2) (611 SE2d 673) (2005) (trial court's ruling that arbitrator was not biased or partial must be affirmed unless it is clearly erroneous); *Hilliard v. J. C. Bradford & Co.*, 229 Ga. App. 336, 340-341 (2) (494 SE2d 38) (1997) (trial court

2. Airtab also argues that the arbitrators manifestly disregarded the law, overstepped their authority, and acted arbitrarily and capriciously in issuing their award. Asserting that it performed as required under the subcontract, Airtab claims that "[t]here is no rational basis to explain any award to Limbach."

(a) *Manifest disregard.* Airtab's claim does not demonstrate manifest disregard of the law. In the arbitration context, the concept of manifest disregard "has never been the equivalent of insufficiency of the evidence or a misapplication of the law to the facts."[5] It is a much narrower standard, requiring "a showing in the record, other than the result obtained, that the arbitrators knew the law and expressly disregarded it."[6] Arbitrators must *deliberately ignore* applicable law to fall within the manifest disregard prohibition in OCGA § 9-9-13 (b) (5).[7]

Airtab has not made the required showing here. Although it claims that the arbitrators "disregarded the agreement between the parties," it has not pointed to any evidence that they deliberately ignored the subcontract or controlling law, and the face of the award shows that, in calculating damages, the arbitrators considered the subcontract. Accordingly, the record exhibits no manifest disregard of the law.

(b) *Overstepping authority.* Airtab's claim that the arbitrators overstepped their authority under OCGA § 9-9-13 (b) (3) is similarly flawed. Like the other bases for vacating an arbitration award, this ground is very limited in scope, and it "has been described as addressing issues not properly before the arbitrator."[8] Airtab has not demonstrated — or even argued — that the arbitrators addressed an issue not before them. Instead, they properly resolved the parties' claims and counterclaims regarding the construction subcontract.

(c) *Irrational, arbitrary, and capricious award.* Airtab also asserts that the arbitration award was irrational, arbitrary, and capricious, essentially because the evidence did not support it. Insufficiency of the evidence, however, is not a basis for vacating an arbitration award, and Airtab's allegations do not otherwise fit within the statutory grounds set forth in OCGA § 9-9-13 (b).[9] The

did not clearly err in rejecting appellant's claim that arbitrators were partial).

[5] *Johnson Real Estate Investments v. Aqua Industrials*, 282 Ga. App. 638, 640 (1) (639 SE2d 589) (2006).

[6] (Citation and punctuation omitted.) Id.

[7] Id.

[8] (Citations and punctuation omitted.) Id. at 642 (2).

[9] *Doman*, supra at 117. Although an award may be vacated as arbitrary or capricious under *federal* arbitration law, see *Joyner v. Raymond James Financial Svcs.*, 268 Ga. App. 835, 837-838 (2) (602 SE2d 871) (2004), Airtab concedes that Georgia arbitration procedures control this case.

trial court, therefore, properly rejected this claim.

3. Airtab further argues that the trial court erred in affirming the arbitrators' award of attorney fees and interest to Limbach. According to Airtab, it prayed for similar relief, but the arbitrators irrationally denied its claim without explanation.

Again, however, Airtab has not shown a sufficient basis to vacate the award. Other than generally stating that the arbitrators acted irrationally — which is not a basis for overturning the award — it has made no effort to prove any of the statutory grounds under OCGA § 9-9-13 (b). The fact that the arbitrators outlined their calculations with respect to Limbach's damages, but did not describe their calculation of Airtab's damages, does not suffice. As we have found, "the Arbitration Code does *not* require that an arbitrator enter written findings of fact in support of an award; nor does the Code require an arbitrator to explain the reasoning behind an award."[10]

4. Next, Airtab asserts that the trial court should have vacated the arbitration award based on OCGA § 9-10-7. Under that Code section, "[i]t is error for any judge, during the progress of any case, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved."

Airtab has cited no authority for applying this statute — which relates specifically to judges — in the arbitration context. Moreover, Airtab's underlying argument is that statements by the panel's chairman evidenced partiality and violated the statute. As found in Division 1, the record demonstrates no partiality or bias by the arbitrators, undermining Airtab's claim.

5. Finally, Airtab contends that the trial court erred in granting Limbach interest on the final judgment. In making this claim, Airtab raises no complaint about the rate of interest imposed or the date on which, according to the trial court, the interest began accruing. Instead, it argues that the trial court had no right to award interest on the final judgment because Limbach was only entitled to recover the $1,458 in interest "specifically awarded . . . by the Arbitrators." We disagree.

"Upon confirmation of [an arbitration] award by the court, judgment shall be entered . . . and be enforced as any other judgment or decree."[11] Under OCGA § 7-4-12 (a), all judgments bear annual interest on the principal amount recovered.[12] Although contracting parties may control or limit the interest flowing from a judgment

---

[10] (Citation omitted; emphasis in original.) *Greene v. Hundley*, 266 Ga. 592, 595 (2) (468 SE2d 350) (1996).

[11] OCGA § 9-9-15 (a).

[12] OCGA § 7-4-12 (a).

entered on a contract,[13] Airtab has pointed to no subcontract provision that alters the recovery of post-judgment interest. The trial court, therefore, did not err in awarding interest on the final judgment.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JANUARY 27, 2009.

*Bobby C. Aniekwu*, for appellant.

*Shapiro, Fussell, Wedge & Martin, Herman L. Fussell, Ira J. Smotherman, Jr.*, for appellees.

---

[13] See OCGA § 7-4-12 (b) ("If the judgment is rendered on a written contract or obligation providing for interest at a specified rate, the judgment shall bear interest at the rate specified in the contract or obligation.").