[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2010
JOHN LEY
CLERK

No. 10-10927
Non-Argument Calendar

_____

D. C. Docket No. 09-CV-3252-RLV

NATIONAL AEROTECH AVIATION, INC.,

                                                         Petitioner-Appellant,

versus

SEABORNE VIRGIN ISLANDS, INC.,
d.b.a. Seaborne Airlines,

                                                         Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 19, 2010)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

National Aerotech Aviation appeals the summary judgment that confirmed an arbitration award of damages to Seaborne Virgin Islands. Seaborne contracted with Aerotech to repair an airplane, and after Aerotech failed timely to complete those repairs, Seaborne sought and an arbitrator awarded damages against Aerotech. Aerotech argues that the district court "improperly and erroneously weighed the material facts" in determining whether the arbitrator acted in "manifest disregard of the law," Ga. Code Ann. § 9-9-13(b)(5), and Aerotech argues, for the first time on appeal, that the district court terminated discovery prematurely. We affirm.

The contract between Seaborne and Aerotech provided that Aerotech would return or "redeliver" the airplane to Seaborne by January 15, 2008, and the contract provided increased payments for an early delivery and compensation for a late one. Article 4.7 stated, "The parties agree that if redelivery of the Aircraft does not occur on or before the Redelivery Date, payments made by Seaborne to [Aerotech] prior to the Redelivery Date shall constitute full and final settlement of all claims by either Party arising from this contract or related to the Aircraft in any other way." Article 6.1 provided, "For each day before the Redelivery Date that [Aerotech] redelivers the Aircraft, Seaborne shall pay [Aerotech] $9,780.00 above and beyond the Contract Price." In the event of an untimely return of the airplane,

2

Article 6.2 provided that "each day after the Redelivery Date that [Aerotech] fails to redeliver the Aircraft, [Aerotech] shall pay Seaborne $8,500.00." The contract also provided that it was to be "governed by and construed in accordance with the laws of the State of Georgia" and any dispute was to be resolved by arbitration. Seaborne and Aerotech later executed an addendum to the contract, which retained the same redelivery date but provided that the parties "agree that no penalty or incentive payments under Article 6 ("Performance Incentives") shall accrue" if Aerotech "redelivers the Aircraft on or before February 8, 2008."

After Seaborne received the airplane from Aerotech on April 17, 2008, Seaborne sought to recover damages from Aerotech under Article 6.2 of the contract, and the companies submitted their dispute to arbitration. Aerotech argued that Seaborne was "barred from seeking liquidated damages" under Article 6.2 "because its exclusive remedy [was] the payments made" to Aerotech, as provided in Article 4.7. Seaborne referred to Article 6.2 as a "liquidated damages" provision and argued that Article 6.2 satisfied the "conditions for allowable damages under Georgia law." Aerotech responded that Article 6.2 provided an "inaccurate measure of [Seaborne's] alleged damages," and Aerotech argued that Seaborne had not "suffered any economic damages."

The arbitrator ruled that Seaborne was entitled to recover damages from

3

Aerotech. "Reading the contract as a whole" to determine the intentions of the parties as required by "Georgia law," the arbitrator concluded that "the dominant purpose of the contract was to perform maintenance, repairs, and overhaul of" the airplane "so as to return it to revenue service by the Redelivery Date" and the parties had incorporated "[i]ncentives . . . to carry out [that] purpose." The arbitrator also ruled that the failure of Aerotech to "complete work" on the airplane "by the Redelivery Date authorizes assessment of negative incentives pursuant to Article 6" of the October 2007 addendum to the contract. The arbitrator found that Aerotech exceeded the redelivery date by 54 days, which resulted in a "total negative incentive" of $459,000. The arbitrator reduced the total negative incentive by amounts owed by Seaborne to calculate a "total amount due" by Aerotech of $335,453.37.

Aerotech petitioned the district court to vacate the arbitration award and argued that the arbitrator acted in manifest disregard of Georgia law by interpreting Article 6.2 as a liquidated damages provision. Seaborne counter-petitioned to enforce the award and later moved for summary judgment. Aerotech filed a preliminary report and discovery plan, which the district court approved. Aerotech later moved for partial summary judgment regarding its interpretation of Article 6.2.

4

The district court granted summary judgment in favor of Seaborne and confirmed the arbitration award. The district court ruled that the arbitrator had "clearly considered Georgia law with respect to penalty clauses and liquidated damages" and had "determined that the performance incentives negotiated by the two sophisticated corporations . . . were not penalties but were in the nature of liquidated damages." The district court ruled that the arbitrator had "not ignore[d] Georgia law" in its decision.

Our review of a summary judgment seeking vacatur of an arbitration award "'is plenary, and we apply the same legal standards that bound the district court.'" Bruno's, Inc. v. United Food & Commercial Workers Int'l Union, Local 1657, 858 F.2d 1529, 1531 (11th Cir. 1988) (quoting Am. Ass'n of Christian Sch. v. United States, 850 F.2d 1510, 1513 (11th Cir. 1988)). Under the Georgia Arbitration Code, which the district court applied, "judicial review of an arbitration award is limited." Airtab, Inc. v. Limbach Co., LLC, 295 Ga. App. 720, 720, 673 S.E.2d 69, 71 (2009).

An arbitration award in Georgia may be vacated in only five narrowly defined circumstances, one of which is "the arbitrator's manifest disregard of the law." Ga. Code Ann. § 9-9-13(b)(5). As its wording suggests, a "manifest disregard of the law" involves more than a "'misapplication of the law to the

5

facts,'" Airtab, 295 Ga. App. at 722, 673 S.E.2d at 72 (quoting Johnson Real Estate Invs. v. Aqua Indus., 282 Ga. App. 638, 640, 639 S.E.2d 589, 593 (2006)), or even an "incorrect interpret[ation of] the law," BMW Bank of N. Am. v. Short, 300 Ga. App. 430, 431, 685 S.E.2d 390, 391 (2009). To warrant relief, the party contesting the award must produce evidence that the arbitrator knew of and "deliberately ignore[d] applicable law." Id.; Airtab, 295 Ga. App. at 722, 673 S.E.2d at 72; see also O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc., 857 F.2d 742, 747 (11th Cir. 1988) (applying same test under the Federal Arbitration Act).

Aerotech argues that the district court "improperly weighed" evidence that the arbitrator disregarded Georgia law by "characteriz[ing] Article 6.2 as a 'negative incentive'" and enforcing it as a liquidated damages provision instead of as an unenforceable penalty, but we disagree. Article 6 of the contract is titled "Performance Incentives." The arbitrator reasonably construed Article 6.2 as a liquidated damages provision.

Aerotech offered no evidence that the arbitrator deliberately ignored the law. Georgia law provides that parties may agree to liquidated damages in their contracts, see Ga. Code Ann. §§ 13-6-1, 13-6-7, and require the payment of daily amounts to compensate an aggrieved party, Joyce's Submarine Sandwiches, Inc. v. Cal. Public Emps. Ret. Sys., 195 Ga. App. 748, 749–50, 395 S.E.2d 257, 258–60

6

(1990) (clause in lease agreement requiring $50 payment each day lessee remained closed provided liquidated damages instead of a penalty). The district court did not err in granting summary judgment in favor of Seaborne.

The belated argument of Aerotech that the district court should have "allow[ed] discovery to proceed according to" an order entered after Seaborne moved for summary judgment also fails. "District judges are accorded wide discretion in ruling upon discovery motions, and appellate review is accordingly deferential." Harris v. Chapman, 97 F.3d 499, 506 (11th Cir. 1996). Aerotech stated in its request for discovery its belief "that limited discovery . . . may be needed," but Aerotech never argued in the district court, nor does it argue in this Court, that additional evidence was required to adjudicate this controversy. The district court did not abuse its discretion.

We **AFFIRM** the summary judgment that confirmed the arbitration award in favor of Seaborne.