**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 19, 2019**

# In the Court of Appeals of Georgia

A19A0518. GAINESVILLE MECHANICAL, INC. v. AIR DATA, INC.

BROWN, Judge.

Gainesville Mechanical, Inc. appeals from an order of the superior court confirming an arbitration award in favor of Air Data, Inc. Gainesville Mechanical contends that the superior court erred by failing to conclude that the arbitrator's written award demonstrates a manifest disregard of the law. For the reasons explained below, we disagree and affirm.

Absent one of the statutory grounds listed in OCGA § 9-9-13 (b), a superior court must confirm an arbitration award; on appeal, this Court "will not reverse an order confirming an award unless the appellant demonstrates that a statutory ground exists." *Airtab v. Limbach Co.*, 295 Ga. App. 720, 721 (673 SE2d 69) (2009). The

only statutory ground relevant to this case is whether the rights of Gainesville Mechanical "were prejudiced by . . . [t]he arbitrator's manifest disregard of the law." OCGA § 9-9-13 (b) (5). "[A]s provided in the statute, a showing of prejudice is required" and "the burden of proof is on the one seeking to set aside an award." *Bennett v. Builders II*, 237 Ga. App. 756, 757 (3) (516 SE2d 808) (1999). In this case, the arbitrator's award reflects that it received evidence over the course of six days of hearings, but the record before us does not include a transcript of the arbitration proceedings. Accordingly, Gainesville Mechanical attempts to show prejudice from the arbitrator's alleged manifest disregard of the law solely from the face of the arbitrator's 14-page "Final Award."

In its order, the arbitrator summarized the evidence briefly and determined that Gainesville Mechanical paid Air Data only $32,000, less than half the $72,770 it was entitled to under its contract.[1] It also determined that due to the directive of a general contractor on the construction project, Gainesville Mechanical instructed Air Data to

---

[1] As best we can determine from the limited record before us, Gainesville Mechanical installed a mechanical system for McCarthy Building Company, Inc., the general contractor for the construction of the Georgia State University Humanities and Law Building. Gainesville Mechanical then entered into a subcontract with Air Data under which Air Data would test, adjust, and balance the HVAC system for the building.

work 7 days a week for 10 hours a day for an extended period of time. Additionally, the arbitrator concluded that Gainesville Mechanical required Air Data to conduct testing on mechanical systems before the building was enclosed and even before Gainesville Mechanical's work and that of other trades was complete in the very areas where Air Data was asked to test. Gainesville Mechanical ultimately fired Air Data and hired another contractor to perform the work at a cost of over $149,985, at a time when the building was opened and occupied and the work could be performed by a single employee.

After outlining these facts, the arbitrator concluded that

[w]hile only rarely governing a construction dispute, the Arbitrator determines that the facts of this case call for the application of the legal doctrine of cardinal change. . . . While the term cardinal change is primarily utilized in Federal Government construction cases, Georgia and other states often adopt other terminology such as quantum meruit, abandonment of contract, and fundamental breach. A Nevada decision explained: The cardinal change doctrine serves to provide a breach remedy for contractors who are directed to perform work which is not within the general scope of the contract and which is not redressable under the contract. Thus a cardinal change occurs when the work is so drastically altered that the contractor effectively performs duties that are materially different from those which the contractor originally bargained.

(Punctuation omitted; emphasis omitted.) Later in his order, the arbitrator stated:

Based upon the Arbitrator's findings as to the above pertinent occurrences on the project, the final step is to assign damages resulting from these occurrences.

Air Data claims entitlement to:

1. Compensatory damages of $258,704.
2. Interest of $144,000 through December 17, 2017.
3. $151,384 for attorneys' fees, and
4. $16,500 for AAA expenses.

Air Data contends it has asserted, not a total cost claim for damages arising in connection with its . . . work . . . , but rather a modified total cost claim by reducing its total costs incurred by 5%. . . . The Arbitrator is well aware that total costs claims, even modified total costs claims *allegedly* such as that here, are disfavored by the courts unless four conditions are found present:

1. The nature of the particular losses makes it impossible or highly impractical to determine them with a reasonable degree of accuracy;
2. The plaintiff's bid or estimate was realistic;
3. Its actual costs were reasonable; and
4. It was not responsible for the added expenses.

*Delta Metals, Inc. v. RM Wells*, 497 FSupp 541, 545 (S. D. Ga. 1980).

Air Data's "modified" total cost approach meets the first and second criteria, but not the third criteria, and certainly not the fourth. Despite Air Data's failure to clearly meet all four criteria, especially the fourth criterion "that Air Data was not responsible for the added

4

expenses," the Arbitrator is of the view that it is entitled to relief and that the first criterion is clearly met - "The nature of the particular losses makes it impossible or highly impractical to determine with a reasonable degree of accuracy." Accordingly the arbitrator may not award Air Data all its claimed losses, but certainly a substantial portion of them. Thus, the Arbitrator determines that Air Data is entitled to compensatory damages of $185,000.

(Emphasis supplied.)

On appeal, Gainesville Mechanical asserts that this paragraph shows that the arbitrator manifestly disregarded the law governing the "modified total cost" approach to damages. "[M]anifest disregard of the law requires (1) that the governing law alleged to have been disregarded is well defined, explicit and clearly applicable and (2) proof that the arbitrator was aware of the law but decided to ignore it." *Johnson Real Estate Investments v. Aqua Indus.*, 282 Ga. App. 638, 640 (1) (639 SE2d 589) (2006). "[T]his showing is an extremely difficult one to make, especially in light of the fact that an arbitrator is not required to make findings of fact or state his or her rationale in reaching decisions." *ABCO Builders v. Progressive Plumbing*, 282 Ga. 308, 309 (647 SE2d 574) (2007). When examining this statutory ground, we must keep in mind that "an arbitrator that incorrectly interprets the law has not manifestly disregarded it, but has simply made a legal mistake." (Citations,

punctuation and footnote omitted.) *Fulton County v. Lord*, 323 Ga. App. 384, 388 (746 SE2d 188) (2013).

In this case, the contract between the parties provided that it would be governed by Georgia law, listed Georgia addresses for both parties, and related to work to be performed in Georgia. Additionally, Georgia is the forum state. Accordingly, we must first examine whether the arbitrator disregarded well-defined, explicit, and clearly applicable Georgia law. Cf. *Newstrom v. Auto-Owners Ins. Co.*, 343 Ga. App. 576, 579 (2) (807 SE2d 501) (2017) (choice of law in contract actions). Our research has revealed no Georgia decisions adopting jurisprudence regarding the "total cost method" or "modified total cost method" of proving damages. Indeed, in *MARTA v. Green Intl.*, 235 Ga. App. 419 (509 SE2d 674) (1998), we concluded that whether the plaintiffs met the four-part test for showing damages under "total cost method" or "modified total cost method" used by other jurisdictions was "irrelevant to the standard for proof of causation or proof of damages under Georgia law." Id. at 422 (1), n.1. We are therefore not convinced that Gainesville Mechanical has shown well defined, explicit and clearly applicable law that the arbitrator allegedly disregarded.

6

Additionally, we cannot say with certainty that the arbitrator "was aware of the law but decided to ignore it." In our view, based upon the totality of the arbitrator's order, it can fairly be interpreted as summarizing Air Data's argument for an award of damages based upon the modified total cost method, a finding that Air Data failed to meet the criteria for application of this method, and a determination that Air Data was entitled to compensatory damages in the amount of $185,000, rather than *all* of its claimed losses, based upon an unspecified method of calculation. While it could also arguably be interpreted in the manner propounded by Gainesville Mechanical on appeal, an ambiguous order is a far cry from "proof of a manifest disregard of the law . . . blatantly evident on the face of the award." *ABCO Builders*, 282 Ga. at 309 (refusing to set aside arbitration award in the absence of "concrete evidence" of arbitrator's intent to purposefully disregard the law). "'Manifest' means 'evident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, undubitable, indisputable, evident, and self-evident.'" (Citations and punctuation omitted.) *Montes v. Shearson Lehman Brothers*, 128 F3d 1456, 1461 (11th Cir. 1997).

Finally, "a reviewing court is prohibited from weighing the evidence submitted before the arbitrator, regardless of whether the court believes there to be sufficient

evidence, or even any evidence, to support the award." *Greene v. Hundley*, 266 Ga. 592, 596 (3) (468 SE2d 350) (1996). Accordingly, we cannot go behind the arbitrator's decision to award compensatory damages in the amount of $185,000, an amount that is $73,704 less than the amount of compensatory damages sought by Air Data under the modified total cost measure of damages. Additionally, any error by the arbitrator in interpreting the availability of compensatory damages under Georgia law does not constitute manifest disregard of the law.

For these reasons, we affirm the superior court's decision to grant Air Data's petition to confirm the arbitration award and its denial of Gainesville Mechanical's cross-petition to vacate the award.

*Judgment affirmed. Barnes, P. J., and Mercier, J., concur*.